IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROLAND JUNE RICHARDSON, JR., )
)
Plaintiff, )
)
v. ) 1:24CV810
)
CLARENCE F. BIRKHEAD, et al., )
)
Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Durham County Detention Center, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the Durham County Sheriff, Clarence Birkhead and four of his staff members, Johnny Hawkins, Michael Walton, Keischa Lovelace, and Lieutenant Williams, as Defendants based on the alleged mishandling of two pieces of Plaintiff's legal mail and a subsequent investigation. He seeks millions of dollars in damages as a result.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

According to the Complaint, on or around February 10, 2023, Plaintiff mailed four packages of legal mail to the state courts containing pro se motions to suppress evidence and

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

for a writ of habeas corpus. (Docket Entry 2 at 7.) Plaintiff then heard nothing although the courts were supposed to return file stamped copies of the two documents to him. (Id.) In early March of 2023, Plaintiff's wife called the office of the local clerk of court which told her that Plaintiff should have quickly received the stamped copies. (Id.) Plaintiff then asked Defendant Walton, a K-9 officer, about the missing mail. (Id.) Defendant Walton allegedly stated that he did not have any mail for Plaintiff but would check the post office. (Id.) He later returned saying there was no mail. (Id.) On March 14, 2023, Plaintiff again asked Defendant Walton about his mail and Defendant Walton stated he would check again and would also get someone at the post office to search further because the mail could be in another box. (Id.) He returned later that day with two envelopes of legal mail for Plaintiff which he said someone at the post office lost in a post office box. (Id.) The Complaint alleges that the envelopes appeared to have been opened and that they had black ink on them covering something. (Id. at 8.) When Plaintiff informed Defendant Walton of this the next day, Defendant Walton stated that the received them like that and would provide paperwork showing when he received the packages. (Id.) However, he never provided it. (Id.)

Plaintiff next filed grievances concerning the events related to his mail and also asked another officer about the incident. (Id.) That officer allegedly informed him that mail logs showed the packages were received on February 24, 2023. (Id.) The officer also took pictures of the logs, the packages, and other items. (Id.) Plaintiff allegedly requested those photographs from Defendant Hawkins but Defendant Hawkins only stated that an investigation occurred due to Plaintiff's allegations. (Id.) Defendant Hawkins also allegedly

-3-

Case 1:24-cv-00810-LCB-LPA   Document 3   Filed 10/24/24   Page 3 of 7

told Plaintiff verbally that he would not give Plaintiff information about the investigation. (Id. at 9.) Plaintiff also received a similar statement from Defendant Williams. (Id.) He later requested information on the investigation from Defendant Birkhead. (Id.) However, the Durham County Sheriff's Office's legal advisor, Defendant Lovelace, denied the request for access to the documents from the investigation. (Id.)

Based on the events just set out, Plaintiff claims that Defendants violated his rights related to his legal mail and his access to the courts. He seeks $5 million in actual damages and an additional $5 million in punitive damages, improved mail procedures, and the release of information related to the investigation of his legal mail. (Id. at 11.)

Regarding the handling or mishandling of the legal mail itself only Defendant Walton is even potentially involved. Even as to Defendant Walton, the Complaint alleges only that he checked on the missing mail twice at Plaintiff's request, gave Plaintiff the mail on the second occasion, and told him that the mail had been misplaced in the post office. None of this even potentially violates Plaintiff's rights. The Complaint may attempt to allege that Defendant Walton held Plaintiff's mail for about three weeks and that he was the person who opened it and put black ink on the envelopes. However, it contains no factual allegations to support any such conclusions. Further, even if Defendant Walton did delay and/or open Plaintiff's legal mail on this occasion, isolated incidents of legal mail being opened outside of an inmate's presence are not sufficient to state a claim for relief. Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983). "Rather, an inmate must show that prison officials 'regularly and unjustifiably interfered with' his or her mail." Adkins v. Chandler, No. 2:19-cv-210, 2020

-4-

WL 885968, at *3 (S.D. W. Va. Feb 24, 2020) (citing cases). The Complaint contains no allegations remotely satisfying this standard and, therefore, states no claim based directly on the alleged delay or opening of Plaintiff's legal mail.

The Complaint also alleges that the claimed interference with Plaintiff's legal mail affected his litigation in the state courts in that he did not receive hearings on his filings, the prosecutor has threatened Plaintiff's family with criminal charges, and Plaintiff's attorney warned him he would spend his life in prison before quitting Plaintiff's case. In order to succeed a claim of this nature Plaintiff would have to show that the Defendants' actions denied him access to the courts by actually depriving him of the ability to pursue nonfrivolous claims. Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va.) (citing Lewis v. Casey, 518 U.S. 343 354-55 (1996)), aff'd, 103 F. App'x 505 (4th Cir. 2004); see also, Weathersbee v. Cheetum, C/A No. 9:23-05493-HMH-MHC, 2024 WL 1287589, at *3 (D.S.C. Feb. 28, 2024) (unpublished) (requiring a plaintiff to allege specific facts as to how a lack of access to legal materials and counsel adversely affected a legal matter), report and rec. adopted 2024 WL 1287204 (D.S.C. Mar. 26, 2024) (unpublished). Here, the Complaint alleges, at best, that Defendant Watson improperly opened and delayed two pieces of Plaintiff legal mail containing file stamped copies of motions that Plaintiff himself filed. Plaintiff's delayed possession of those copies in no way could relate to any lack of a hearing or threats by the prosecutor or Plaintiff's defense attorney. Certainly the Complaint contains no facts tying these events. It therefore fails to state any viable claim for relief related to a denial of access to the Courts.

Finally, Plaintiff's remaining allegations relate to the way Defendants Birkhead, Hawkins, Lovelace, and Williams allegedly handled the investigation of the events connected to Plaintiff's legal mail. Specifically the Complaint alleges that they refused to provide him with information related to that investigation beyond the fact that it was conducted. Even if true, this states no proper claim for relief. Plaintiff has no general right to an investigation, even a criminal investigation, enforceable under § 1983. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985); see also Day v. Idaho Dep't of Corr., No. 99-35427, 1999 WL 1269339 (9th Cir. Dec. 27, 1999) (unpublished) (applying Gomez in prison setting). He certainly has not alleged facts demonstrating constitutional entitlement to the information he requests. Therefore, the Complaint fails to state any claim and should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $58.63. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $58.63.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of December of 2024, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 24th day of October, 2024.

                                              /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                   **United States Magistrate Judge**